# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**TINA MAXWELL**                                                                  **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 1:21-CV-191-DAS**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**OF THE SOCIAL SECURITY ADMINISTRATION**             **DEFENDANT**

## FINAL JUDGMENT

Plaintiff Tina Maxwell filed a Complaint for Judicial Review of Social Security Decision of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability and disability insurance benefits. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 18. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that the Commissioner's decision should be remanded.

## FACTS

The plaintiff filed for benefits on December 5, 2018, alleging onset of disability commencing on July 31, 2018. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on March 23, 2021. The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined the claimant had the following severe impairments: left foot fracture status post-surgical repair and hardware removal, hypertension, and obesity. The ALJ found she retained the residual functional capacity (RFC) to perform the full range of light work including the ability to lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently and stand or walk six hours in an eight-hour workday and sit six hours out of an eight-hour workday.

While the plaintiff cannot perform any of her past relevant work, the ALJ determined the plaintiff was not disabled under Grid Rules 202.21 and 202.14.

## ANALYSIS

On appeal, the plaintiff argues the ALJ's RFC determination is not supported by substantial evidence and does not adequately account for her left lower extremity impairment. Because the ALJ found both the State Agency physician's and consultative examiner's opinions unpersuasive, the plaintiff argues "it is unclear what evidence the ALJ used to arrive at the determination that [she] could do a full range of light work."

At the reconsideration level, State Agency physician Dr. Thomas Jeffcoat found the plaintiff had no severe impairments or physical limitations. The ALJ found Dr. Jeffcoat's opinion not persuasive and deemed the plaintiff's left foot fracture a severe impairment, stating although she only experienced "minimal pain intermittently, [her] "obesity along with heavy lifting could exacerbate [her] symptoms." In her decision, the ALJ discussed the severity of the plaintiff's obesity, noting "the medical evidence reflects that the claimant's medical history is significant for obesity." The ALJ claims to have "taken into account that obesity can cause limitation of function in any of the exertional functions of sitting, standing, walking, lifting, carrying, pushing, and pulling as well as the nonexertional functions, such as climbing, balancing, stooping, crouching, kneeling, and crawling." She concluded "a reduction in [the plaintiff's] capacity to perform work-related activities is warranted" and, without specification, stated "these limitations are accounted for in the residual functional capacity."

Consultative examiner Dr. Jane Eason opined that due to her impairments, the plaintiff could occasionally lift and/or carry less than 10 pounds, frequently stand, and occasionally walk

in an eight-hour workday.[1] Dr. Eason described the "clinical findings" used to support her opinion as follows: "she does not appear very physically fit, likely can only occasionally carry 5-10 lbs based on her overall fair fitness." *Id*. The ALJ found the objective medical evidence did not support Dr. Eason's opinions regarding the plaintiff's ability to walk, lift, and carry and reasoned that Dr. Eason's "own explanation [regarding the plaintiff's overall fair fitness] does not clearly tie the restrictions to [her] medical impairments." The plaintiff maintains Dr. Eason's explanation encompasses the entirety of her conditions, including her obesity, and is sufficient to justify Dr. Eason's opinions.

At the oral argument in this matter, the plaintiff pointed out the inconsistency in the ALJ's rationale for finding both Dr. Jeffcoat's and Dr. Eason's opinions unpersuasive. On one hand, as a basis for discounting Dr. Jeffcoat's opinion, the ALJ credited the plaintiff's obesity as a cause of her symptoms. However, after clearly explaining that the plaintiff's obesity caused functional limitations, the ALJ discredited Dr. Eason's explanation that the plaintiff's overall fair physical fitness, *i.e.*, her obesity, was supportive of the limitations imposed. While the absence of a supporting medical opinion alone does not invariably render an administrative record incomplete, the court must look at whether substantial evidence exists to support the decision. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). Because of this unexplained inconsistency in the ALJ's evaluation of the only medical opinions in the record, the court is unable to determine whether the ALJ's decision is supported by substantial evidence.

Additionally, the plaintiff argues that under *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), the ALJ should have found her headaches to be a severe impairment. While the record evidence may indicate that her headaches had "improved," the plaintiff argues they were not

---

[1] The remaining limitations Dr. Eason found are consistent with a sedentary RFC.

resolved and satisfied the minimum threshold requirements to be considered severe. While this issue may be a closer call, because the court is remanding only the issue addressed *supra*, the ALJ is instructed to clarify why the plaintiff's migraine headaches are not a severe impairment in light of her hearing testimony about their frequency and intensity.

Accordingly, the Commissioner's decision is reversed and remanded for a rehearing of the plaintiff's application under the fourth sentence of § 405(g).

**SO ORDERED**, this the 18th day of July, 2022.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**